UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK OBAH,

            Plaintiff,

-against-

DEPARTMENT OF EDUCATION,

            Defendant.

24-CV-7203 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, alleging that Defendant New York City Department of Education discriminated against him based on his race, color, and national origin. The Court also construes the complaint as asserting claims under the New York City and State Human Rights Laws. By order dated October 8, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Patrick Obah, who identifies his national origin as Nigerian and his race as Igbo,[1] brings this employment discrimination action against the New York City Department of Education ("DOE").[2] The following allegations are taken from the complaint and the attached

---

[1] Plaintiff identifies Igbo, an ethnic group in Nigeria, as his "tribe." (*See* ECF 1, at 4.) The Court construes the complaint as asserting that Plaintiff's Igbo identity is an aspect of his Nigerian national origin and that his race is Black for Title VII purposes.

[2] Plaintiff has filed multiple employment discrimination actions against various employers in this court over the past year, including one he filed on the same day that he filed this action. *See Obah v. Medrite Urgent Care*, No. 24-CV-7204 (UA) (S.D.N.Y. filed Sept. 23, 2024); *Obah v. ADAPT*, No. 24-CV-5014 (JMF) (S.D.N.Y. Aug. 30, 2024) (dismissed for failure

documents, which include a statement of facts and Plaintiff's charge of discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC"). In September 2023, a recruiter contacted Plaintiff and urged him to apply for a position, Shelter Support Community Liaison, with the DOE. The recruiter screened Plaintiff for the position and said that he was "qualified" for the job. (ECF 1, at 14.) In later September 2023, Deshawn Roberts of the DOE's Office of Community Support and Wellness invited Plaintiff for a virtual interview with the DOE's Community Coordinator. Plaintiff completed the interview with the Community Coordinator and was subsequently invited to participate in an in-person interview with the Regional Manager and Director Team.

On October 2, 2023, Plaintiff participated in an in-person group interview with approximately five other candidates, all of whom were Black. Plaintiff asserts "on information and belief" that all the other candidates were born in the United States. (*Id.* at 14.) During the interview, Plaintiff stressed that one of the qualities he could bring to the agency was his previous experience working with immigrants. At the end of the interview, one of the hiring managers stated that "'it is Patrick that answered what we are looking for.'" (*Id.*)

A few days later, Roberts emailed Plaintiff to let him know that they were still "reviewing the interview results." (*Id.*) Plaintiff responded to Roberts' email, but he received no response. He maintains that he was "ignored" for "several weeks" after the interview. (*Id.* at 5.) In January 2024, Plaintiff was contacted by an individual named Mohammed "to interview for the same position." (*Id.* at 15.) Plaintiff filled out a form and was scheduled for an interview.

---

to state a claim); *Obah v. Dep't of Probation*, No. 24-CV-4776 (AS) (S.D.N.Y. filed June 19, 2024); *Obah v. Equiliem Co.*, No. 23-CV-9600 (JPO) (S.D.N.Y. filed Oct. 30, 2023); *Obah v. City of New York*, No. 23-CV-4997 (GHW) (SDA) (S.D.N.Y. motion to dismiss amended complaint filed Sept. 23, 2024).

Roberts then emailed Plaintiff and informed him that he "would not be considered for the position because [he] already was interviewed for it." (*Id.*) Plaintiff asked Roberts why he was not being considered and let her know that he emailed her after the interview and never received a response.

On January 9, 2024, Plaintiff received an email from Roberts informing him that they decided "not to move on with [his] application." (*Id.*) Plaintiff was not given a reason why he was not hired. He alleges that an American-born applicant that was part of his group interview was hired for the position. (*See id.* at 6, 27)

Plaintiff asserts that Defendant did not hire him because of his race and national origin.

Plaintiff filed a charge of discrimination with the EEOC, and, on September 11, 2024, the EEOC issued a Notice of Right to Sue.

Plaintiff seeks money damages.

## DISCUSSION

### A. Title VII Claim

Title VII of the Civil Rights Act provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). This antidiscrimination provision prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for reasons other than an employee's

4

protected characteristic or opposition to unlawful conduct is not actionable under Title VII. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Plaintiff's allegations that Defendant did not hire him because of his Nigerian national origin and Black race are wholly conclusory. Plaintiff does not plead any facts linking the adverse employment action to his national origin or race. The allegation that the individual ultimately hired for the position was born in the United States, while Plaintiff was not, without more, is insufficient to suggest that his national origin was a motivating factor in the employment decision. Furthermore, Plaintiff's allegations that the other candidates with whom he interviewed were all Black, and that one of those individuals was hired for the position, suggests that Plaintiff was not denied the position because he is Black. The Court therefore dismisses Plaintiff's Title VII claim for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Section 1981 Claim**

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). The statute "sets forth a remedy for employment discrimination that is independent of Title VII." *Ofori-Tenkorang v. Am.*

*Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). Section 1981, however, does not provide a private right of action against state actors such as the DOE. *See Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018). Court have instead held that the cause of action created by 42 U.S.C. § 1983 constitutes the "exclusive federal remedy" for violation of the rights guaranteed in Section 1981 by a state governmental unit. *Id.* at 619 (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)). Plaintiff therefore fails to state a claim under Section 1981.

Even if the Court were to construe Plaintiff's Section 1981 claims against the DOE as claims brought under Section 1983, his claims must still be dismissed because his allegations do not suggest that the DOE has a policy, custom, or practice that violated his rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (internal citation omitted)); *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012).

**C.     State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid federal employment discrimination claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action for the reasons stated in this order and declining to exercise supplemental jurisdiction of Plaintiff's state law claims.

**CONCLUSION**

The Court dismisses the complaint for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting, *see* 28 U.S.C. § 1367(c)(3).

The Court grants Plaintiff 30 days' leave to replead his claims in amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 25, 2024
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge