UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK OBAH, Plaintiff, -v- NEW YORK CITY DEPARTMENT OF EDUCATION, Defendant. | 24-CV-07203 (JAV) <br> OPINION AND ORDER |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Patrick Obah brings this action *pro se* against the New York City Department of Education ("DOE") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). ECF No. 10 ("Am. Compl.") ¶¶ 1, 18-25. Defendant now moves to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 18-3 ("MTD Mem."). For the reasons that follow, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

The following allegations from the Complaint and Amended Complaint are accepted as true and construed in the light most favorable to Plaintiff for the purpose of evaluating the motions to dismiss. *Xeriant, Inc. v. Auctus Fund LLC*, 141 F.4th 405, 411 (2d Cir. 2025). Given the special solicitude afforded *pro se* plaintiffs, the Court will consider the allegations in the original Complaint, ECF No.

1 ("Compl."), together with those in the Amended Complaint, ECF No. 10. *See Winters v. United States,* 10-CV-7571 (JMF), 2013 WL 1627950, at *1 n.1 (S.D.N.Y. Apr. 16, 2013); *see also Adeniji v. New York State Office of State Comptroller*, 18-CV-0761 (PAE) (BCM), 2019 WL 4171033, at *2 (S.D.N.Y. Sep. 3, 2019) (noting that in *pro se* cases, filings other than the operative complaint "may be considered as supplementing the [c]omplaint, at least to the extent they are consistent with the allegations in the [c]omplaint" (cleaned up)).

Plaintiff, who identifies his national origin as Nigerian and his race as Igbo, brings this employment discrimination action against the DOE. Am. Compl., ¶ 22. In September of 2023, Plaintiff was contacted by a hiring agency regarding a Shelter Support Community Liaison position at the DOE. *Id.*, ¶ 5; Compl. at 14. After discussing his qualifications with the hiring agency, Plaintiff applied for the position. Compl. at 14. Later that month, Plaintiff was contacted by a DOE hiring manager, Deshawn Roberts, who invited him to participate in a virtual interview for the position. *Id.*

On October 3, 2023, Plaintiff was invited to participate in an in-person group interview with five other candidates, "all of whom were Black." *Id.* During the interview, the DOE hiring managers asked each interview candidate to introduce themselves and share "where [they] came from." Am. Compl., ¶ 4. Plaintiff shared with the group that he was born and raised in the eastern part of Nigeria. *Id.* Plaintiff alleges that all the other candidates and hiring managers were born and raised in the United States. *Id.*, ¶ 20; Compl. at 26. At the end of the interview,

one of the hiring managers that conducted the interview stated, "'[I]t is Patrick that answered what we are looking for." Compl. at 26.

Following the interview, Plaintiff followed up with the hiring manager regarding the status of his application but received no response. *Id.* at 26. Months later, on January 9, 2024, Plaintiff was contacted by a DOE hiring manager offering him the opportunity to interview for the same position. *Id.* Dashawn Roberts followed up shortly after with a message stating: "[P]lease disregard the email[.] I see you already interviewed and we are unable to offer you a position." Am. Compl., Ex. A at 20. Plaintiff was not offered a reason as to why he was not offered the position and alleges that all other candidates that were interviewed that day were hired. Compl. at 26; Am. Compl., ¶ 11.

## PROCEDURAL HISTORY

Plaintiff initiated this suit on September 23, 2024, filing his complaint and an application to proceed *in forma pauperis*. Compl., ECF No. 2. The application was granted by order dated October 8, 2024. ECF No. 4.

On October 25, 2024, the Court filed an order of dismissal with leave to replead within 30 days to detail his claims. ECF No. 5. On February 10, 2025, Plaintiff filed an Amended Complaint, which Defendant moved to dismiss on May 28, 2025. Am. Compl.; MTD Mem.

On June 6, 2025, Plaintiff filed an opposition to the motion to dismiss. ECF No. 21 ("Pl. Opp'n to Mot. to Dismiss"). Plaintiff also filed an additional letter on June 11, 2026, in support of his opposition. ECF No. 22.

## LEGAL STANDARDS

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all factual allegations and draws all reasonable inferences in favor of the non-moving party. *Romanova v. Amilus Inc.*, 138 F.4th 104, 108 (2d Cir. 2025) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [the standard] requires more than labels[,] conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court's charge in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Jennings v. Hunt Companies, Inc.*, 367 F. Supp. 3d 66, 69 (S.D.N.Y. 2019) (quoting *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 176 (2d Cir. 2004)).

A "pro se complaint . . . [is] interpret[ed] . . . to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (cleaned up). Yet a *pro se* complaint must still "plead sufficient facts to state a claim to relief that is plausible on its face." *Wilder v. United States Dep't of Veterans Affairs*, 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) (citations omitted). "[D]ismissal of a *pro se* claim as

insufficiently pleaded is appropriate only in the most unsustainable of cases." *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008).

## DISCUSSION

### A. Title VII Claims

Plaintiff asserts Title VII claims against the DOE for (1) discrimination in failing to hire him and (2) retaliation for filing an EEOC complaint. The Court considers each claim in turn.

#### 1. Failure to Hire

"Title VII makes it unlawful for an employer 'to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024) (quoting 42 U.S.C. § 2000e-2(a)(1)). This includes "fail[ing] or refus[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" based on a protected characteristic. 42 U.S.C. § 2000e-2(a)(1).

"To defeat a motion to dismiss in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (cleaned up). In failure to hire claims, the adverse employment

action is the employer's decision not to extend an employment offer. *See Wang v. Phoenix Satellite Television U.S., Inc.*, 976 F.Supp.2d 527, 536 (S.D.N.Y. 2013) (cleaned up) (citing *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981)).

"[T]he facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination, but rather need only give plausible support to a minimal inference of discriminatory motivation." *Buon v. Spindler*, 65 F.4th 64, 83 (2d Cir. 2023) (cleaned up). A plausible inference of discrimination can be alleged by "identifying bits and pieces of evidence that together give rise to an inference of discrimination." *Banks v. General Motors*, LLC, 81 F.4th 242, 270 (2d Cir. 2023) (cleaned up). Such "bits and pieces" may include, for example, "the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (citation omitted). In failure to hire claims, a plausible inference of discrimination may arise in circumstances "where the plaintiff and other applicants are similarly situated, yet the plaintiff is not hired" or "where the prospective employer makes remarks or takes actions evidencing a discriminatory bias." *Solo Obi Omo v. Sera Sec. Services, LLC*, 14-CV-2602 (ALC)(FM), 2015 WL 1781368, at *4 (S.D.N.Y. Apr. 15, 2015) (citing *Jackson v. County of Rockland,* 450 F. App'x 15, 19 (2d Cir. 2011)).

Even under this liberal standard, Plaintiff has not alleged particularized facts that give rise to a minimal inference of racial discrimination. Plaintiff's allegations in support of his race discrimination claim are, at best, sparse. He admits that the other five individuals who were hired for the position were Black. He thus cannot rely on more favorable treatment of employees outside his protected group. Nor does he point to any comments made by anyone at DOE regarding his race, or anyone else's race. Plaintiff does submit a letter from an individual who claims he was also not selected for the Shelter Liaison position at the DOE, and attributes his non-selection to race. ECF No. 21-1 at 1-2. Yet this conclusory assertion without more does not satisfy Plaintiff's pleading burden.

Plaintiff's allegations with respect to his national origin discrimination claim are more substantial. Plaintiff is a Nigerian national of the Igbo ethnic group who applied for a position at the DOE and was rejected from that position. Am. Compl., ¶ 22. He alleges that the hiring managers asked him and the other candidates to speak about their "background and where each candidate came from," and that Plaintiff was the only individual who was not "born American[]." Am. Compl., ¶ 4. In Plaintiff's opposition to the motion to dismiss, he adds that "hiring managers . . . ask[ed] me about my country of origin, where [he] was born and when [he] came to the USA." Pl. Opp'n to Mot. to Dismiss at 2.

Courts in this District have found that an interviewer asking general questions regarding national origin does not automatically give rise to an inference of discrimination. *See Obah v. Bronxworks*, 25-CV-1550 (LJL), 2026 WL 2098155,

at *4 (S.D.N.Y. July 21, 2026) ("The mere fact that [an interviewer] discussed [the] plaintiff's national origin and religion while interviewing [the] plaintiff does not indicate that [the defendant] discriminated against [the] plaintiff since Title VII does not bar all discussion of religion and/or national origin in an employment setting." (quoting *Pasic v. Eztzi's Tex. Holding Corp.*, 01-CV-1114 (AGS), 2002 WL 31938854, at *3 (S.D.N.Y. Jan. 9, 2002)); *see also Pasha v. William M. Mercer Consulting Inc.*, 00-CV-8362 (RWS), 2004 WL 188077, at *4 (S.D.N.Y. Feb. 2, 2004) ("Statements and questions that merely acknowledge an individual's national origin or background do not support an inference of discriminatory animus." (cleaned up)); *Shkoza v. N.Y.C. Health and Hosps. Corp.*, 20-CV-3646 (RA), 2021 WL 4340787, at *4 (S.D.N.Y. Sept. 22, 2021) (holding that "[f]acially neutral questions about a person's place of origin or citizenship status—particularly questions that may naturally arise when a new employee is hired—are not probative of a discriminatory animus absent any other indicia of discrimination").

Yet Plaintiff further alleges that he was "highly" qualified for the position and that five other individuals born in the United States were hired instead. Am. Compl., ¶ 4. Specifically, a hiring agency that recruited him to apply for the DOE position reviewed his resume and conducted screener interviews, and "affirmed that [he] was highly qualified" for the position. Am. Compl., ¶ 5. The Amended Complaint also details Plaintiff's educational and professional experience, including completing a master's degree and undertaking a Clinical Pastoral Education program at New York Presbyterian Hospital where he "acquired essential

caregiving and counseling skills." Am. Compl., ¶ 10. Finally, according to Plaintiff, at the end of the interview, one of the hiring managers stated, "'[I]t is Patrick that answered what we are looking for." Compl. at 26. Such allegations are sufficient to give rise to a minimal inference that national origin played a role in the selection decision. *See Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015) ("The fact that a plaintiff was replaced by someone outside the protected class will ordinarily suffice for the required inference of discrimination at the initial prima facie stage of the Title VII analysis, including at the pleading stage."); *Equal Employment Opportunity Comm'n v. Upstate Niagara Coop., Inc.*, No. 16-CV-842S, 2018 WL 5312645, at *6 (W.D.N.Y. Oct. 26, 2018) ("[W]here, as here, the Complaint alleges that an employer hired someone outside of the aggrieved individuals' protected class, that is enough to raise an inference of discrimination at the motion to dismiss stage of litigation."); *Szewczyk v. City of New York*, 15-CV-918 (MKB), 2016 WL 3920216, at *6 (E.D.N.Y. July 14, 2016) (holding that plaintiff had "alleged facts sufficient to support an inference that both national origin and religion were motivating factors in [d]efendants' failure to hire [p]laintiff because [p]laintiff was denied a position for which she was qualified, and [d]efendants hired [an individual], who was less qualified and outside [p]laintiff's national origin and religious groups").

**2. Retaliation**

Under Title VII, it is unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful

employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Vega*, 801 F.3d at 89-90 (quoting 42 U.S.C. § 2000e-3(a)). In other words, Title VII "prohibits an employer from discriminating against an employee because the employee has engaged in protected activity." *Banks v. General Motors, LLC*, 81 F.4th at 275.

To survive a motion to dismiss a retaliation claim under Title VII, Plaintiff must plausibly allege facts showing that (1) he was engaged in a protected activity; (2) the employer was aware of that activity; (3) he suffered a materially adverse employment action; and (4) there was a causal connection between the protected activity and the adverse action. *Littlejohn*, 795 F.3d at 315-16; *see also Muldrow* 601 U.S. at 357. "The test [is] meant to capture those (and only those) employer actions serious enough to 'dissuade[] a reasonable worker from making or supporting a charge of discrimination.'" *Muldrow*, 601 U.S. at 357 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

"A causal connection in retaliation claims can be shown either '(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.'" *Littlejohn*, 795 F.3d at 319 (quoting *Gordon v. N.Y.C. Bd. Of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000)). "A plaintiff in the Second Circuit can raise an inference of retaliatory intent

'by showing that the protected activity was closely followed in time by the adverse employment action.'" *De Souza v. New York*, 824 F.Supp.3d 336, 369 (S.D.N.Y. 2026) (quoting *Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001)).

Plaintiff alleges that DOE failed to hire him in retaliation for filing report to U.S. Equal Employment Opportunity Commission ("EEOC") about the DOE's discriminatory behavior, in violation of Title VII's protections against retaliation. Am. Compl., ¶ 28. Yet Plaintiff received notice of the DOE's decision not to hire him on January 9, 2024, Am. Compl., ¶ 3, which was prior to Plaintiffs' filing an EEOC report in the summer of 2024, Am. Compl., ¶ 23. Plaintiff is unable to demonstrate a causal link between the filing of his EEOC report and the DOE's hiring decision. *Vega*, 801 F.3d at 87. Therefore, the Court dismisses Plaintiffs' retaliation claim.

**B. State Law Claims**

Plaintiff's Amended Complaint brings additional claims under the NYSHRL and the NYCHRL, which Defendant seeks to dismiss on the grounds that Plaintiff did not file a Notice of Claim ('NOC") as required under New York Education Law Section 3813(1). MTD Mem. at 7-8. Defendant also argues that an EEOC complaint cannot be substituted for a NOC. *Id.* at 7.

Section 3813 of New York's Education Law requires the filing of a notice of claim prior to the commencement of an action against the DOE or its officers. *See* N.Y. Educ. Law § 3813(1). "[U]nder New York law, a plaintiff must file a notice of claim within ninety days after the claim arises, plead that it has been served, allow

thirty days to elapse after the notice is filed before filing a complaint, and show that in that time period the defendant has either neglected or refused to satisfy the claim." *See Smith v. N.Y.C. Dept. of Education*, 808 F. Supp. 2d 569, 578 (S.D.N.Y. 2011) (citing N.Y. Educ. Law § 3813(1); N.Y. Gen. Mun. Law § 50-e). This requirement applies regardless of whether the state law claim is brought in federal or state court. *Id.*

"[A] plaintiff's failure to plead compliance with New York's notice of claim requirement's mandates dismissal." *Lewinter v. N.Y.C. Dept. of Educ.*, 09-CV- 0227 (PGG), 2010 WL 2746334 , at *2 (S.D.N.Y. July 9, 2010); *see also Belpasso v. City of New York*, No. 07-CV-3627 (SHS) (DCF), 2008 WL 2676579, at *6 (S.D.N.Y. July 2, 2008) ("[F]ailure to plead compliance with a notice of claim requirement constitutes a defect warranting dismissal of a complaint on the ground that it fails to state a cause of action.") (quotation marks omitted); *Smith,* 808 F.Supp.2d at 578 ("Notice of claim requirements are construed strictly by New York state courts and failure to abide by their terms mandates dismissal of the action.") (quoting *AT& T v. N.Y.C. Dep't of Human Res.,* 736 F.Supp. 496, 499 (S.D.N.Y.1990) (collecting cases)); *Everett v. N.Y.C. Dept. of Educ.*, 21-CV-7043 (JPC), 2023 WL 5629295, at *1 (granting motion to dismiss NYCHRL and NYSHRL claims against the DOE where plaintiff failed to meet NOC requirement under New York Education Law § 3813(1)).

Courts in this district have found that "[a]n EEOC charge can suffice as a substitute for a notice of claim only under the rare and limited circumstance where

the EEOC charge puts the school district on notice of the precise claims alleged, is served on the governing board of the district (and not a different arm of the district), and is served within the statutory time period." *Verne v. N.Y.C. Dep't of Educ.*, 21-CV-5427 (JPC), 2022 WL 4626533, at *5 (S.D.N.Y. Sept. 30, 2022) (cleaned up); *Santana v. Mount Vernon City Sch. Dist. Bd. of Educ.*, 20-CV-3212, 2021 WL 4523770, at *14 (S.D.N.Y. Sept. 30, 2021) (stating that "an EEOC charge may satisfy the requirements of section 3813 so long as the EEOC charge: '(1) places the school district on notice of the precise claims alleged; and (2) is served on the party required by section 3813 within the statutory time period'") (quoting *Richard v. Richard v. N.Y.C. Dep't of Educ.*, 16-CV-957 (MKB), 2017 WL 1232498, at *21 (E.D.N.Y. Mar. 31, 2017)); *Modica v. N.Y.C. Dep't of Educ.*, 20-CV-4834 (JMF), 2021 WL 3408587, at *4 (S.D.N.Y. Aug. 4, 2021) ("Although some courts have held that filing an EEOC or SDHR complaint may satisfy the notice of claim requirement, the plaintiff must still plausibly allege that the administrative complaint met [section] 3813's requirements, including that the EEOC or SDHR complaint was timely served upon the correct entity." (cleaned up)); *see also Johnson v. Rockland Cnty. Bd. of Coop. Educ. Servs.*, 21-CV-3375 (KMK), 2022 WL 4538452, at *6 (Sep. 28, 2022) (granting motion to dismiss discrimination claims under NYSHRL and NYCHRL for failure to meet NOC requirements, where plaintiff filed an EEOC complaint but failed to serve the complaint upon the relevant school board).

Yet Plaintiff's EEOC complaint was not served within the statutory time period. Plaintiff did not file his EEOC complaint until the summer of 2024. Am.

Compl., ¶ 23. For the purpose of New York Education Law Section 3813's NOC requirements, a failure to hire claim under the NYCHRL and NYSHRL "accrues when the plaintiff was informed or had reason to know of the failure to hire." *Hall v. N.Y.C. Department of Education*, 23-CV-10385 (JGK), 2024 WL 4979288, at *6 (S.D.N.Y. Dec. 3, 2024) (cleaned up). Here, Plaintiff at the latest knew that he had not been hired for the Shelter Support Community Liaison position on January 9, 2024, when he received an email from DOE. *See* Am. Compl., Ex. A at 20. He therefore had until March 12, 2024, to file his NOC.

Plaintiff did not file the EEOC complaint within 90 days of the claim accruing and has not otherwise demonstrated that he timely notified the DOE of his claims as required under New York Education Law Section 3813. For this reason, the Court dismisses Plaintiff's NYCHRL and NYSHRL claims.

**C. Leave to Amend**

Under Rule 15, courts "should freely give leave [for a party to amend its pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (cleaned up). Accordingly, "a court should not dismiss a *pro se* complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Garcia v. Westchester Cnty. Dist. Att'y Off.*, No. 21-CV-00348 (LLS), 2021 WL 411546, at *3 (S.D.N.Y. Feb. 4, 2021) (quoting *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015)).

Leave to amend can nonetheless be denied due to futility. *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). "Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (cleaned up). Consequently, "the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *Id*

The Amended Complaint does not plausibly state a claim for failure to hire race discrimination or retaliation under Title VII, and Plaintiff's NYCHRL and NYSHRL are barred by failure to comply with NOC requirements under New York Education Law Section 3813(1). Compl. at 26. The Court denies leave to amend, as such amendments would be futile. *See Barnett v. Diaz*, 19-CV-00415 (NSR), 2019 WL 6340960, at *1-2 (S.D.N.Y. Nov. 26, 2019) (denying plaintiff's motion to amend because "proposed new allegations would not state a viable claim").

## CONCLUSION

Accordingly, the motion to dismiss for failure to state a claim is GRANTED IN PART AND DENIED IN PART. Plaintiff has sufficiently stated a Title VII claim for failure to hire due to his national origin. His remaining claims are dismissed.

The Clerk of Court is directed to terminate ECF No. 18.

SO ORDERED.

Dated: September 28, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge